# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TERESA LYNNE SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOCIAL SECURITY ) <br> ADMINISTRATION, Commissioner, ) <br> ) <br> Defendant. ) | Case No.: 5:18-cv-01768-SGC |

## **MEMORANDUM OPINION**[1]

The plaintiff, Teresa Lynne Smith, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Smith timely pursued and exhausted her administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C §§ 405(g) and 1383(c)(3). For the reasons discussed below, the Commissioner's decision is due to be affirmed.

## I. Procedural History

Smith has a high school education and has previously been employed as a laborer for a trucking company, a cook, a courier, and a cleaner. (Tr. at 38, 40-43,

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 10).

1

64-71). In her applications for DIB and SSI, Smith alleged she became disabled on November 15, 2012, due to chronic pain in her knees and ankles, anxiety, depression, muscle spasms, and high blood pressure. (*Id.* at 105). After her claims were denied, Smith requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 10). Following a hearing, the ALJ denied Smith's claims. (*Id.* at 10-20). Smith was forty-six years old when the ALJ issued the decision. (Id. at 10, 195). After the Appeals Council denied review of the ALJ's decision (*id.* at 1-3), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Smith commenced this action. (Doc. 1).

## II. Statutory and Regulatory Framework

To establish eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Furthermore, a claimant must show she was disabled between her alleged initial onset date and her date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d

1088, 1090 (5th Cir. 1979)). The Social Security Administration ("SSA") employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(i) and (b), 416.920(a)(4)(i) and (b). At the first step, the ALJ determined Smith met the SSA's insured status requirements through December 31, 2017, and has not engaged in substantial gainful activity since November 15, 2012. (Tr. at 12).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c). At the second step, the ALJ determined Smith has the following severe impairment: reconstructive surgery of weight bearing joints. (*Id.* at 12).

If the claimant has a severe impairment or combination of impairments, the

Commissioner must then determine whether the impairment or combination of impairments meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairment or combination of impairments meets or equals one of the Listings, the Commissioner will find the claimant is disabled. *Id.* at §§ 404.1520(a)(4)(iii) and (d), 416.920(a)(4)(iii) and (d). At the third step, the ALJ determined Smith does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings. (Tr. at 14).

If the claimant's impairment or combination of impairments does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e). At the fourth step, the Commissioner will compare an assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 404.1520(a)(4)(iv) and (e), 416.920(a)(4)(iv) and (e). If the claimant is capable of performing her past relevant work, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is unable to perform her past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. §§

404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1). If the claimant is capable of performing other work, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1).

Before proceeding to the fourth step, the ALJ determined Smith has the RFC to perform a limited range of light work. (Tr. at 14).[2] At the fourth step, the ALJ determined Smith is able to perform her past relevant work as a courier. (Id. at 17). Nonetheless, the ALJ proceeded to the fifth step and determined that considering Smith's age, education, work experience, and RFC there are jobs existing in significant numbers in the national economy that Smith can perform, such as those of assembler, wire worker, and inspector checker. (*Id.* at 18-19). The ALJ concluded Smith is not disabled based on her determinations at the fourth and fifth steps of the sequential evaluation.

## III. Standard of Review

Review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and may require "a good deal of walking or standing . . . or . . . involve[] sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

5

Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

On appeal, Smith argues (1) the ALJ erred in assigning little weight to the

opinion of Dr. Gerald M. Machen, her primary care physician; (2) the ALJ improperly discredited her testimony regarding her subjective symptoms; and (3) the ALJ failed to consider the side effects of her pain medication. (Doc. 13 at 1).

**A. Weight Assigned to Dr. Machen's Opinion**

"Absent 'good cause,' an AJL is to give the medical opinions of treating physicians 'substantial or considerable weight.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c) (identifying factors relevant to assigning weight to medical opinions). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel*, 631 F.3d at 1179 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)). "With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Id.* at 1179 (quoting *Phillips*, 357 F.3d at 1240-41).

In August 2014, Dr. Machen opined as follows:

> Ms. Smith requires a ten to twenty minute break from sitting or standing every thirty minutes due to her chronic pain and problems with her feet and legs. The medications she takes make her sleepy and she needs to take at least two naps of thirty to forty minutes each day. Her medications would affect her ability to sustain focus of a task for an extended period of time without becoming drowsy. Also she suffers

7

> from pain in her hands due to eczema and arthritis. Any repetitive use
> of her hands would exacerbate her pain and require frequent breaks
> from using her hands.

(Tr. at 460). In November 2016, Dr. Machen reiterated these opinions and further opined that exposure of Smith's hands to chemical substances (e.g., cleaning fluids) or acidic substances would exacerbate her eczema. (*Id.* at 553). At that time, Dr. Machen also completed a "Medical Assessment of Ability to Do Work-Related Activities (Physical)" form, indicating Smith can stand and/or walk no more than a total of two hours per day; Smith can sit less than a total of six hours per day; Smith can only occasionally climb, stoop, or kneel; Smith's impairments affect her ability to lift, carry, reach, handle, push, and pull; and Smith's impairments necessitate a variety of environmental restrictions. (*Id.* at 554-55).[3]

The ALJ assigned little weight to Dr. Machen's opinions. (*Id.* at 17). As grounds, the ALJ stated Dr. Machen's opinions are not supported by the evidence of record, including his own clinical findings. (*Id.*). These grounds constitute good cause for discounting Dr. Machen's opinions. *See Kelly v. Comm'r of Soc. Sec.*, 401 F. App'x 403, 407-08 (11th Cir. 2010) (holding ALJ did not err in discounting treating physician's opinion because that opinion was not supported by other

---

[3] The ALJ's RFC determination includes limitations on Smith's ability to climb, stoop, and kneel consistent with those articulated by Dr. Machen. (*Id.* at 14). The ALJ also included environmental restrictions and limitations on Smith's ability to lift, carry, push, and pull in the RFC determination. (*Id.*).

8

evidence of record); *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 741-43 (11th Cir. 2011) (holding ALJ did not err in discounting opinions of treating and examining physicians because those opinions were not supported by the physicians' own clinical findings).

Moreover, these grounds are supported by substantial evidence. Dr. Machen has been Smith's primary care physician for more than a decade. (*Id.* at 553). Records of his treatment of Smith do not contain objective findings that would support the limitations to which he opined. (*See id.* at 415-603). They register Smith's subjective complaints of pain, primarily in her knees and ankles (*see, e.g., id.* at 431, 560, 573, 576, 584, 587), and occasionally note objective findings of tenderness or swelling (*see, e.g., id.* at 515, 574, 585). However, by and large, the records document maintenance visits for medication refills. (*See id.* at 415-603). They do not record complaints made by Smith that her medication caused her to be drowsy or interfered with her ability to focus. (*See id.*). As discussed more fully below, the remainder of the medical evidence of record likewise fails to support Dr. Machen's opinions. On the whole, it shows substantially no more than two successful surgeries to repair broken ankles. Accordingly, the ALJ did not err by assigning little weight to Dr. Machen's opinions.

**B. Evaluation of Subjective Symptoms Testimony**

A claimant may establish disability through testimony of pain or other

subjective symptoms. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). To do so, she must satisfy the three-part "pain standard," by showing (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain or other subjective symptoms arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain or other subjective symptoms. *Id.*; *see also Taylor v. Acting Comm'r of Soc. Sec. Admin.*, 2019 WL 581548, at *2 (11th Cir. 2019) (citing *Dyer*, 395 F.3d at 1210); 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p. A claimant's testimony of disabling subjective symptoms supported by medical evidence that satisfies the pain standard is sufficient to support a finding of disability. *Brown*, 921 F.2d at 1236 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1552 (11th Cir. 1986)).

An ALJ may discredit a claimant's subjective symptoms testimony provided he or she clearly articulates explicit and adequate reasons for doing so. *Brown*, 921 F.2d at 1236; *Taylor*, 2019 WL 581548, at *2 (citing *Dyer*, 395 F.3d at 1210). In evaluating a claimant's testimony and other statements regarding the intensity, persistence, and limiting effects of her symptoms, an ALJ considers all available evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c).

Smith testified she cannot work due to pain, muscle spasms, anxiety,

depression, and drowsiness experienced as a side effect of her prescription medication. (Tr. at 289-96, 622-35). The ALJ determined Smith's medically determinable impairments could reasonably be expected to cause her alleged symptoms but that Smith's testimony concerning the intensity, persistence, and limiting effects of those symptoms are not entirely consistent with the medical and other evidence of record. (*Id.* at 15-16).

The ALJ articulated two primary reasons for discrediting Smith's testimony. As one reason, the ALJ noted the medical evidence of record does not support the testimony. (*Id.* at 16). Smith had surgery to repair a fractured left ankle in March 2011. (*Id.* at 335, 338-39). Imaging performed in April and May 2011 showed satisfactory alignment of the left ankle, and the orthopedist noted during April and May 2011 follow-up visits that Smith was doing well. (*Id.* at 336, 37). Smith had surgery to repair a fractured right ankle in May 2013. (*Id.* at 355, 362, 365-66). During a follow-up visit in July 2013, the orthopedist noted Smith's ankle was not swollen and her surgical incisions and fracture blisters had healed. (*Id.* at 412). Imaging performed at that time confirmed Smith's right ankle fracture had healed. (*Id.*).

Following these fractures, Smith did report knee, ankle, and foot pain to Dr. Machen, her primary care physician. However, as discussed above, records of Dr. Machen's treatment of Smith contain few objective findings to support Smith's

subjective complaints. Moreover, while muscle spasms are listed as one of Smith's active problems in Dr. Machen's records, those records lack clinical findings to support a conclusion the spasms are debilitating. (*See id.* at 415-603). Similarly, while Dr. Machen prescribed medication to treat Smith's anxiety and depression, his records lack clinical findings to support a conclusion these conditions render Smith unable to function, and Smith did not receive mental health treatment for the conditions elsewhere. (*See id.* at 334-603). Smith did not report drowsiness as a side effect of any of her prescribed medications to Dr. Machen or any other physician who treated her. (*See id.* at 334-603). On the whole, the medical evidence of record shows Smith suffered two broken ankles that were successfully repaired with surgery and thereafter was prescribed medication for pain, anxiety, and depression. This evidence is not entirely consistent will allegations of disabling pain, muscle spasms, anxiety, depression, or drowsiness.

The ALJ also discussed Smith's reported daily activities in the course of discrediting her testimony. (*Id.* at 15). Smith completed a function report indicating she has no problem caring for her personal needs (e.g., bathing, dressing); prepares simple meals; washes and folds two loads of clothes each week; drives; shops for groceries between two and four times a month; reads magazines; talks on the phone; and is able to handle her finances, follow written instructions, and, if she takes notes, follow verbal instructions. (*Id.* at 289-96). A function report completed by Smith's

friend largely corroborates these reported activities (*id.* at 307-14), which are not entirely consistent with testimony of disabling pain, muscle spasms, anxiety, depression, or drowsiness.

An ALJ cannot reject a claimant's subjective symptoms testimony solely because it is not substantiated by objective medical evidence. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 16-3p. However, the consistency of alleged subjective symptoms with objective medical evidence is an appropriate part of a subjective symptoms analysis. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 16-3p. Similarly, while a claimant's participation in daily activities of short duration does not necessarily disqualify her from disability, *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), an ALJ may consider a claimant's daily activities as part of a subjective symptoms analysis, *see Hoffman v. Astrue*, 259 F. App'x 213, 219 (11th Cir. 2007) (noting *Lewis* holding does not mean it is improper for an ALJ to consider a claimant's daily activities at all); 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (identifying claimant's daily activities as one factor relevant to evaluating subjective symptoms); SSR 16-3p (same).

Here, the ALJ considered all evidence of record and articulated with sufficient clarity two grounds for discrediting Smith's testimony regarding her pain and other subjective symptoms: (1) the failure of the medical evidence of record to support the testimony; and (2) the inconsistency between the testimony and Smith's reported

daily activities. Together, these are adequate grounds to support a negative credibility determination, *see May v. Comm'r of Soc. Sec. Admin.*, 226 F. App'x 955, 958-59 (11th Cir. 2007) (holding (1) inconsistency of claimant's symptoms with objective medical evidence and (2) claimant's concession she could drive, dine out, and shop for groceries were adequate grounds on which to have discredited claimant's subjective symptoms testimony), and as discussed above, they are supported by substantial evidence.

Smith cites other evidence she claims supports her testimony of disabling pain and other subjective symptoms, including the type and dosage of medication prescribed to treat her pain. (Doc. 13 at 20-23). However, as stated, the relevant question is not whether evidence supports Smith's argument, but whether substantial evidence supports the ALJ's determination. *See Moore*, 405 F.3d at 1213 (discussing "narrowly circumscribed" nature of appellate review). Moreover, the regulations do not require an ALJ to specifically discuss every factor in considering whether a claimant's subjective symptoms testimony is credible. *Brown v. Colvin*, 2015 WL 12838178, at *3 (M.D. Fla. Aug. 28, 2015) (citing *Dyer*, 395 F.3d at 1211).

For the foregoing reasons, the ALJ did not err in the subjective symptoms analysis.

### C. Consideration of Pain Medication Side Effects

Smith argues the ALJ erred by failing to make an explicit finding regarding

14

the alleged drowsiness she experiences as a side effect of her pain medication. (Doc. 13 at 18). To support this argument, Smith relies on *McDevitt v. Comm'r of Soc. Sec.*, 241 F. App'x 615 (11th Cir. 2007). In that case, the Eleventh Circuit held an ALJ erred by stating a claimant did not mention he experienced certain side effects of his medications when, in fact, the claimant did offer such testimony, and by failing to make a finding, as to credibility or otherwise, regarding those side effects. *Id.* at 619.

In discussing Smith's alleged subjective symptoms, the ALJ did acknowledge Smith's testimony her medication makes her drowsy. (Tr. at 15). As discussed above, the ALJ then discredited Smith's testimony regarding the intensity, persistence, and limiting effects of her symptoms, in part because the medical evidence of record does not support that testimony. Although the ALJ did not explicitly state the medical evidence documents no complaint Smith made to her primary care physician or another medical care provider regarding drowsiness or any other side effects of her medication, that is sufficiently implied in the ALJ's discussion. This conclusion is consistent with the rules an ALJ need not even make an explicit credibility finding provided "the implication [is] obvious to the reviewing court" and that "there is no rigid requirement [] [an] ALJ specifically refer to every piece of evidence in his decision, so long as the [] decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude [] [an] ALJ considered

[a claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1210-11 (internal quotation marks omitted). Because the ALJ noted the drowsiness Smith alleges to experience as a side effect of her medication and then discredited Smith's subjective symptoms testimony, Smith's reliance on *McDevitt* is misplaced.

## V. Conclusion

Having reviewed the administrative record and considered all the arguments presented by the parties, the undersigned finds the Commissioner's decision is due to be **AFFIRMED**. A separate order will be entered.

**DONE** this 9th day of January, 2020.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE